Nos. 24-141 (L), 24-1250,
24-1251, 24-142

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

ELIZABETH L. GOLDBERG, *et al.,*

*Plaintiffs-Appellees,*

- v. -

SKYLINE TOWER PAINTING INC., *et al*.,

*Defendants-Appellants*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
_____

**OPENING BRIEF OF APPELLANT SKYLINE TOWER PAINTING, INC.**
_____

Submitted by:

Thomas V. McCarron, Esq.
Paul N. Farquharson, Esq.
Richard J. Medoff, Esq.
SEMMES, BOWEN & SEMMES
250 W. Pratt Street, Suite 1900
Baltimore, MD 21201
Tel: 410.539.5040
Fax: 410.539.5223
Email: tmccarron@semmes.com
    pfarquharson@semmes.com
    rmedoff@semmes.com
*Counsel for Defendant-Appellant,*
*Skyline Tower Painting, Inc.*

## <u>DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 28(a)(1), 26.1 and Local Rule 26.1, Skyline Tower Painting, Inc. hereby discloses that Skyline Tower Painting, Inc. does not have a parent corporation and there is no known publicly held corporation that owns 10% or more of its stock or has a direct financial interest in the outcome of the litigation.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ ii

STATEMENT OF JURISDICTION .........................................................1

STATEMENT OF ISSUES ..................................................................... 1

STATEMENT OF CASE .........................................................................2

I.  Relevant Procedural History .............................................................2

II. Statement of Relevant Facts .............................................................2

SUMMARY OF ARGUMENT ...............................................................5

ARGUMENT ...........................................................................................6

I.  Standard of Review..............................................................................6

II. The District Court Erred in Holding that Plaintiffs Sufficiently Established the Citizenship Requirement for CAFA's Local Controversy Exception............7

    A. The Remand Order Conflicts with CAFA's Intent. .........................................7

    B. The District Court Misinterpreted the Factual Record...................................9

    C. Plaintiffs' Evidence Regarding Residency Does Not Establish That Putative Class Members Are Citizens of Maryland Who Are Domiciled in Maryland........................12

CONCLUSION........................................................................................15

STATEMENT REGARDING ORAL ARGUMENT..............................15

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT ..................17

CERTIFICATE OF SERVICE ...............................................................18

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*Allen v. Atlas Box & Crating Co.*, 59 F.4th 145 (4th Cir. 2023) ...............................7

*Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335 (5th Cir. 2016).................................................................................................8

*AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 390 (4th Cir. 2012) ............6

*Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660 (4th Cir. 1998) ..............................................................................................................12,13

*Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101 (4th Cir. 2011).....................................................................................................10,11

*Comm'r v. Nubar*, 185 F.2d 584 (4th Cir. 1950) .....................................................12

*Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.,* 928 F.3d 325 (4th Cir. 2019) .........................................................................................................7,8

*Evans v. Walter Indus., Inc.,* 449 F.3d 1159 (11th Cir. 2006)...................8,13,14,15

*Goostree v. Liberty Nat'l Life Ins. Co.*, WL 3338251 (N.D. Ala. July 25, 2019)...13

*Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) .......................................................................................................................11

*Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263 (8th Cir. 2015) .........................8,14

*Lanier v. Norfolk S. Corp.*, 256 F. App'x 629 (4th Cir. 2007).................................7

*McAdams v. Robinson*, 26 F.4th 149 (4th Cir. 2022) ...............................................7

*Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198 (4th Cir. 2006) .....................7

*Preston v. Tenet Healthsystem Memorial Medical Ctr.*, 485 F.3d 793 (5th Cir. 2007)..........................................................................................................14

*Priselac v. Chemours Co.*, 561 F. Supp. 3d 562 (E.D.N.C. 2021) ...........................8

*Quicken Loans Inc. v. Alig*, 737 F.3d 960, 964 (4th Cir. 2013) ...............................7

*Smith v. Marcus & Millichap, Inc*., 991 F.3d 1145 (11th Cir. 2021) ..............3,8, 13

**Statutes**

28 U.S.C. § 1291 .......................................................................................1

28 U.S.C. § 1332 ...................................................................................1,3,7

28 U.S.C. § 1453 .......................................................................................1

**Other Authorities**

S. Rep. No. 109-14, at 42 ..........................................................................8

## STATEMENT OF JURISDICTION

In order to avoid duplicative briefing, Skyline Tower Painting, Inc. ("Skyline") joins in, and adopts, the Statement of Jurisdiction in Co-Defendant/Appellant, Television Tower, Inc.'s ("TTI's"), Opening Brief. Skyline and TTI jointly and timely removed this class action case to the U.S. District Court for the District of Maryland based on the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), under which the district court had original jurisdiction. JA38-44. Skyline and TTI both filed timely Notices of Appeal of the same district court order entered on March 11, 2024 remanding the case to state court (the "remand order"), with the same statutory basis (28 U.S.C. § 1291), and on the same date (March 22, 2024). JA185-188, JA189-191. Skyline and TTI both also filed timely Petitions for Permission to Appeal the remand order in this Court with the same statutory basis (28 U.S.C. § 1453(c)), and on the same date (March 21, 2024), initiating Case Nos. 24-141 and 24-142. The stated facts and authority are equally applicable to Skyline and TTI.

## STATEMENT OF THE ISSUES

Did the district court err in remanding this case to state court on the grounds that Plaintiffs had sufficiently proven that two-thirds of class members are Maryland citizens for purposes of the local controversy exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(A)?

1

## STATEMENT OF THE CASE

### I.    Relevant Procedural History.

In order to avoid duplicative briefing, Skyline joins in, and adopts, the "Relevant Procedural History" section in TTI's Opening Brief. The relevant procedural history in this matter is equally applicable to both Skyline and TTI.

### II.    Statement of Relevant Facts.

Plaintiffs filed their Complaint in this putative class action against Skyline and TTI on May 10, 2023, in the Circuit Court of Maryland for Baltimore City, Case No. 24-C-23-002263. *See* Plaintiffs' Complaint (the "Complaint" or "Compl.") (JA9-37). Skyline is a Colorado-based company specializing in the painting of broadcast and communication towers. JA11. In 2022, it began work pursuant to a contract with TTI to repaint the exterior of a 1,319-foot steel "Candelabra" style television broadcast tower located at 3723 Malden Avenue in Baltimore, Maryland (the "tower") that was owned by TTI. JA11-12. After Skyline's work on the tower began, Plaintiffs allege that they discovered paint chips on their respective properties and that lead-based paint chips and dust spread to a radius of 4,000 feet surrounding the tower. JA15. Plaintiffs filed this putative class action lawsuit on behalf of themselves and property owners within a 4,000-foot radius of the tower. JA21. Plaintiffs contend that all of the properties lost value of an unspecified amount as a result of the presence of lead-based paint chips and

dust. JA20-21. Plaintiffs brought claims against Skyline and TTI for, among other things, negligence, and seek damages and injunctive relief. JA25-37.

On June 23, 2023, Skyline and TTI jointly and timely removed this putative class action to the U.S. District Court for the District of Maryland pursuant to CAFA, 28 U.S.C. § 1332(d). JA38-45. On July 24, 2023, Plaintiffs filed a motion to remand based on CAFA's "local controversy exception," 28 U.S.C. § 1332(d)(4)(A). JA46-59. Under that exception, Plaintiffs had the burden to prove, among other things, that two-thirds of class members are Maryland citizens. On August 7, 2023, Skyline and TTI each filed an Opposition to Plaintiffs' motion to remand. JA103-109, JA110-133. On August 21, 2023, Plaintiffs filed a Reply to Skyline's Opposition (JA134-141) with a supplemental affidavit attached (JA142-144), as well as a Reply to TTI's Opposition (JA145-154). On March 11, 2024, the district court's opinion and order granting Plaintiffs' motion to remand were entered, holding Plaintiffs had sufficiently proven the required elements of the local controversy exception. JA155-182, JA183.

Plaintiffs defined the class members as "real property owners whose property is located within a 4,000-foot radius of the TV Tower on or after May 28, 2022." JA21. "Therefore, this class definition does not establish that the class is made up only of [Maryland] citizens—meaning individuals who currently reside in [Maryland] and have an intent to remain." *Smith v. Marcus & Millichap, Inc.*, 991

F.3d 1145, 1157 (11th Cir. 2021). Plaintiffs also asserted in their Complaint that "the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery." JA21. In an abrupt about-face, in moving to remand, Plaintiffs claimed (based on Plaintiffs' counsel's paralegal, Denise Greeley's ("Greeley's"), affidavit and excel spreadsheet (JA60-99, JA100-101)), that they have unearthed and proved that 86.75 percent of class members are citizens of Maryland. JA164 (District Court Opinion stating: "Plaintiffs provide evidence that 'of the 2,786 owners whose properties are situated within the 4000-foot radius of the TV Tower, 2,416 of them claimed those same Baltimore City properties or another Maryland property as their 'principal residence.'") (citing JA53 (citing JA60-99, JA100-101)).

Plaintiffs' motion to remand relied solely on Greeley, who gathered the data on which the motion relied, attaching two exhibits: (1) Spreadsheet of Affected Properties and Principal Residence Tax Status (JA60-99), and (2) Affidavit of Denise Greeley, dated July 24, 2023 (JA100-101). Plaintiffs also attached one exhibit to Plaintiffs' reply to Skyline's opposition to the motion to remand: Reply Affidavit of Denise Greeley, dated August 21, 2023 (JA142-144).

The spreadsheet Plaintiffs relied on consisted of a list of 2,785 addresses with a column titled "Maryland Principal Residence" with either a Yes or No for each address input by Greeley. JA60-101. According to Greeley, she used a map

4

radius calculator found online, which purportedly allowed her to identify postal addresses within a 4,000-foot radius of the tower, after which she looked up owners of properties on Maryland's Department of Assessments and Taxation's ("SDAT's") website, and whether the addresses were identified as the owner's "principal residence." JA170 (citing JA101). While the district court indicated that all included property owners in the class were individuals, Greeley's affidavits identified that "the 2,785 owners" included three (3) different categories of owners, including individuals, as well as "businesses" and "government entities." JA101. The district court misinterpreted Plaintiffs' submitted materials to mean all business entities were removed from the proposed class, and thus, did not address or analyze the citizenship of the business entities that Plaintiffs expressly included.

## SUMMARY OF ARGUMENT

1.    The district court's remand order is inconsistent with CAFA's intent to confer broad federal court jurisdiction, with narrowly-construed exceptions, and with any close question resolved in favor of federal jurisdiction. Construed narrowly in light of CAFA's purposeful expansion of federal jurisdiction, the local controversy exception should have been rejected.

2.    The district court erred in relying on erroneous factual premises that business entities were excluded from the proposed class, contrary to Plaintiffs' submissions, and proceeding with no discussion related to business entities, when

Plaintiffs expressly stated that the proposed class included properties where "the owner… was a business entity" based on its principal office. JA143. Plaintiffs did not identify any statute, regulation, or caselaw defining the term "principal office" as used by SDAT, identifying when any definition was put into effect, or establishing that it is equivalent to "principal place of business" for jurisdictional purposes.

3.    Plaintiffs' evidence regarding residence does not support a credible estimate that two-thirds of the putative class members are citizens of the forum state and should not have been interpreted to establish that individuals in the proposed class are citizens of Maryland who are domiciled in Maryland. As Plaintiffs' evidence lists only property locations and did not provide any information about the owners, absent more information, a court has no way of knowing how many of the entries in Plaintiffs' spreadsheet were properly included.

## ARGUMENT

### I.    Standard of Review.

A district court's decision to remand a removed case is reviewed *de novo*. *See, e.g., AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 390 (4th Cir. 2012) ("We review de novo the question of whether a district court possessed subject matter jurisdiction under CAFA and, thus, whether a remand to state court was appropriate.") (citations omitted); *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d

198, 203 (4th Cir. 2006) ("For questions concerning removal to federal court, our standard of review is *de novo*."); *Lanier v. Norfolk S. Corp.*, 256 F. App'x 629, 631 (4th Cir. 2007) (similar).[1]

## II. The District Court Erred in Holding that Plaintiffs Sufficiently Established the Citizenship Requirement for CAFA's Local Controversy Exception.

### A. The Remand Order Conflicts with CAFA's Intent.

Under the local controversy exception, remand is appropriate only if Plaintiffs prove, *inter alia*, that: "more than two-thirds of the members of the proposed plaintiff class are citizens of the state where the suit was filed originally." *Quicken Loans Inc. v. Alig*, 737 F.3d 960, 964 (4th Cir. 2013) (citing 28 U.S.C. § 1332(d)(4)(A)). Plaintiffs bear the burden of proof on all elements of the exception. *See, e.g., Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.,* 928 F.3d 325, 336 (4th Cir. 2019) ("Under CAFA, … the party seeking remand has the burden of proving that one of CAFA's… exceptions to removal applies.").

CAFA's language, structure, and legislative history demonstrate that Congress contemplated broad federal court jurisdiction with only narrow exceptions. The Fourth Circuit has emphasized that "CAFA's removal exceptions

---

[1] *See also, e.g., Allen v. Atlas Box & Crating Co.*, 59 F.4th 145, 147 (4th Cir. 2023) ("we review legal questions—including the requirements for commencing an action in federal court—de novo."); *McAdams v. Robinson*, 26 F.4th 149, 155–56 (4th Cir. 2022) ("We review questions of law de novo, including questions of statutory interpretation.").

must be narrowly construed" and "because CAFA was intended to confer broad federal court jurisdiction . . . any close question has to be resolved in favor of removal to the federal court." *Dominion Energy*, 928 F.3d at 342-43 & n.14. *See also, e.g., Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006) ("CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.'" (quoting S. Rep. No. 109-14, at 42)); *Priselac v. Chemours Co.*, 561 F. Supp. 3d 562, 571 (E.D.N.C. 2021) (quoting *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015) ("'Any doubt about the applicability of [an] exception is resolved against the party seeking remand.'")); *Smith,* 991 F.3d at 1159 (similar); *Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 338 (5th Cir. 2016) ("If the applicability of an exception is not shown with reasonable certainty, federal jurisdiction should be retained."). The district court failed to give effect to this mandate.

Here, Plaintiffs were required to produce evidence - not mere argument or assumption. Construed narrowly in light of CAFA's purposeful expansion of federal jurisdiction, the local controversy exception should have been rejected.

## B.      The District Court Misinterpreted the Factual Record.

In opposing remand, Skyline contended, *inter alia*, that "Plaintiffs' analysis relating to government entities and companies is erroneous." JA165 (citing JA106-108). The district court, however, never addressed the business entities that Plaintiffs stated were included in their calculation of Maryland citizens. Rather, the district court stated, "Based on the evidence provided by Plaintiffs, 83.87% of the putative class members are citizens of Maryland." JA171 (citing its own footnote 11, and JA143 (Greeley's Reply Affidavit) at ¶ 8). In its cited footnote, the district court brushed off issues regarding entities as being "of no moment," because, "whether or not 'principal office' properties are excluded from the data, Plaintiffs meet the first prong of the local controversy exception. However, Greeley's exclusion of principal office properties enhances the general reliability of Plaintiffs' methodology." JA171. Greeley's cited Reply Affidavit, however, did *not* exclude all "principal office properties" but rather only claimed to have excluded properties owned by "government entities," which was the source of the 83.87% figure cited by the district court:

> 8. All "government entities" I identified as owning a subject address (within the 4000-foot radius) were either the Mayor and City Council of Baltimore City … or the Baltimore City Housing Department… Eliminating the Mayor and City Council of Baltimore City and the Baltimore City Housing Department resulted in 83.87 percent of the putative class having either a "principal residence" or "principal office" located in Maryland.

JA143. And Plaintiffs expressly stated that the proposed class *did* include properties where "the owner… was a business entity" based on its principal office. JA143. Thus, the district court misinterpreted the submitted materials in concluding that Plaintiffs met the first prong of the local controversy exception "whether or not 'principal office' properties are excluded from the data…" JA171.

Compounding the issue, Plaintiffs used the terms "principal office" as used on SDAT's website, to be interchangeable with "principal place of business" and other terms. JA101 (Affidavit ¶ 6 referring to "a business" with its "principal place of business in Maryland"); JA143 (Reply Affidavit ¶ 6 referring to "the business entity's principal address" in Maryland); and JA143 (Reply Affidavit ¶ 8 referring to a putative class member having its "'principal office' located in Maryland.").[2] Plaintiffs, however, did not identify any statute, regulation, or caselaw defining the term "principal office" as used by SDAT, identifying when any definition was put into effect, or establishing that it is equivalent to "principal place of business" for jurisdictional purposes. Rather, Plaintiffs relied on apparent assumptions that they are all one and the same.

---

[2] Plaintiffs also argued that a "principal office" listing on SDAT's website should be sufficient proof of citizenship. JA137-138 (arguing that a designation that an unidentified putative class member's "'principal office' is in Maryland is sufficient evidence that the owner is a citizen of Maryland.") (citing *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011) (holding generally for federal diversity jurisdiction purposes, that a corporation is a citizen of the state in which it has been incorporated and in which it has its principal place of business)).

However, "principal place of business" is a term of art with a judicially-defined meaning established by the Supreme Court for jurisdictional purposes. *See, e.g., Cent. W. Virginia Energy Co.,* 636 F.3d at 103–04 ("the Supreme Court made clear that, for purposes of diversity jurisdiction, a corporation's principal place of business is always its 'nerve center.' *Hertz,* 130 S.Ct. at 1186. … the Court focused on the location of the corporation's officers who direct, control, and coordinate the company's business and clarified that that location, the corporation's 'nerve center,' is, in all cases, the principal place of business."). Plaintiffs neither discussed nor addressed that test and did not provide any evidence or factual basis to make such a determination. Moreover, Plaintiffs stated in a footnote that they "elect[ed]" not to identify the names or other information about the property owners in the putative class when seeking remand (JA53), and Plaintiffs did not identify how many of the putative class members were business entities.

Here, the district court did not discuss this business entity issue because it misinterpreted Plaintiffs' submissions to mean all business entities were removed from the class. However, it was Plaintiffs' burden to prove the elements of the local controversy exception, and the district court erred in relying on erroneous factual premises, contrary to Plaintiffs' submissions.

11

**C.**    **Plaintiffs' Evidence Regarding Residency Does Not Establish That Putative Class Members Are Citizens of Maryland Who Are Domiciled in Maryland.**

Plaintiffs' evidence regarding the citizenship of individuals in the proposed class is also deficient. Plaintiffs submitted a paralegal's spreadsheet of addresses of properties purportedly within a 4,000-foot radius of the tower, indicating if SDAT's website lists those properties, or other unidentified Maryland addresses, as the current owners' "principal residence." JA60-99, JA100-101. In their motion to remand, Plaintiffs failed to include any data regarding the timeframe or year(s) for which any property owners declared any properties as a "principal residence," and failed to identify any of the other individuals or entities that owned properties. JA60-99, JA100-101. Moreover, Plaintiffs' evidence regarding residence should not have been interpreted to establish that class members are citizens of Maryland who are domiciled in Maryland. *See, e.g., Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (to be a "citizen" of a state for jurisdictional purposes, the individual must be "domiciled" in that state).

An individual is not "domiciled" in a state unless the individual lives in a particular locality in the state "with intent to make it a fixed and permanent home." *Comm'r v. Nubar*, 185 F.2d 584, 587 (4th Cir. 1950). As the district court noted, "[i]n cases where plaintiffs do not base citizenship on the class definition, they must provide evidence of the class members' state of residence as well as evidence

12

showing their intent to remain in that state." JA164 (citations omitted). Plaintiffs' paralegal's affidavit and spreadsheet do not answer that question. And courts have rejected efforts to establish jurisdiction by using "residence" as a rough proxy for "domicile." *See, e.g., Axel Johnson*, 145 F.3d at 663 ("the existence of such citizenship [for jurisdictional purposes] cannot be inferred from allegations of mere residence…"); *Goostree v. Liberty Nat'l Life Ins. Co*., WL 3338251, at *7. (N.D. Ala. July 25, 2019) ("[R]eliance on residence alone to infer citizenship under CAFA is misplaced."); *Smith*, 991 F.3d at 1156–57 (stating that "residency does not equate to citizenship" and identifying other evidence to establish a person's citizenship, including sworn statements of intent to remain). As Plaintiffs' evidence lists only property locations and did not provide any information about the owners, absent more information, a court has no way of knowing how many of the entries in Plaintiffs' spreadsheet were properly included.

Courts interpreting CAFA have held that similar assertions or submissions do not constitute sufficient proof of citizenship required to establish CAFA exceptions. For example, in *Evans,* 449 F.3d at 1166, the plaintiffs submitted evidence with the remand motion papers including affidavits of counsel, finding that 93.8% of 5,200 potential class members were "Alabama residents," and that "if 93.8% of the known plaintiffs are Alabama residents, then surely two-thirds of the entire plaintiff class are Alabama citizens." The Eleventh Circuit held that the

13

plaintiffs' "evidence" did not prove citizenship, ruling that "[w]e have no way of knowing what percentage of the plaintiff class are Alabama citizens." *Id*. Thus, the plaintiffs "failed to prove that more than two-thirds of the plaintiffs' class are Alabama citizens." *Id*. Similarly, in *Preston v. Tenet Healthsystem Memorial Medical Ctr*., 485 F.3d 793 (5th Cir. 2007), the Fifth Circuit held that medical records of putative class members were insufficient to establish citizenship for purposes of CAFA's exceptions. The court acknowledged that "marshaling evidence of citizenship for the unnamed class members may be a formidable task," but concluded that courts "must evaluate [that evidence] on a case-by-case basis to determine whether the district court can make a credible estimate of whether two-thirds of the putative class members are citizens of the forum state." *Id*. at 801. Consequently, the court reversed the district court's remand order. *Id*. *See also, e.g., Hood,* 785 F.3d at 266 (finding that plaintiffs did not meet burden of proof because their evidence of citizenship, which relied on class members' last known addresses, lacked "any sample, sampling methodology, or other indication of a disciplined approach").

Here, Plaintiffs failed to establish a credible percentage of the class who are citizens of Maryland, and thus failed to prove that more than two-thirds of the class are Maryland citizens as required. *Compare, e.g., Evans, supra,* 449 F.3d at 1165-66 ("We have no way of knowing what percentage of the plaintiff class are

Alabama citizens. We conclude that the evidence adduced by the plaintiffs [in the form of an attorney affidavit identifying that 93.8% of class members were Alabama residents] wholly fails to present a credible estimate of the percentage of the plaintiff class who are citizens of Alabama."), *with* affidavit attached to Plaintiffs' motion to remand (JA100-101) (affidavit of paralegal purporting to use designation of "principal residence" in SDAT databases, without authority to conclude that such tax records or designations are appropriate, accurate, or credible to establish that the putative class is comprised of a sufficient number of Maryland citizens). Plaintiffs' evidence regarding the citizenship of individuals in the proposed class should not have been accepted as sufficient by the district court, and for this additional reason, the remand order should be reversed.

## CONCLUSION

For the foregoing reasons, Skyline requests that the remand order be reversed with instructions that the district court retain its CAFA jurisdiction over this putative class action.

## STATEMENT REGARDING ORAL ARGUMENT

Skyline respectfully requests oral argument. This case presents a number of issues that this Court has not directly addressed and on which there is a split of authority, as the district court noted. JA161 (noting "'there is a circuit split as to whether the court may consider materials outside of the pleadings to determine

whether [a CAFA] exception applies versus confining its determination to the pleadings alone.'") (citations omitted); JA161 (noting "most courts, including the Fourth Circuit, have been silent as to when and what they considered for evaluating exceptions to jurisdiction under CAFA.") (citations omitted); JA167 (noting "the Fourth Circuit has not yet addressed the question of whether a combination of driver's licenses, residence addresses, and local requirements for vehicle registration and insurance suffice to establish domicile for purposes of the local controversy exception"); JA166 (discussing circuit split over whether a class member's residency creates a presumption of citizenship for purposes of establishing CAFA's local controversy exception and identifying that various courts "have rejected the rebuttable presumption in the CAFA context" on different grounds) (citations omitted).

Respectfully submitted,

*/s/ Thomas V. McCarron*
Thomas V. McCarron, Esq.
Paul N. Farquharson, Esq.
Richard J. Medoff, Esq.
Semmes, Bowen & Semmes
250 W. Pratt Street, Suite 1900
Baltimore, MD 21201
Tel: 410.539.5040
Fax: 410.539.5223
Email: tmccarron@semmes.com
        pfarquharson@semmes.com
        rmedoff@semmes.com
*Counsel for Defendant-Appellant,*
*Skyline Tower Painting, Inc.*

16

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT</u>

Undersigned counsel for Skyline Tower Painting, Inc. certifies:

1.      This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments), this brief contains 3,611 words, which, when combined with the opening brief of Television Tower, Inc., is within the total word limit for a single appellant's opening brief.

2.      This brief complies with the typeface and type style requirements because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Fourteen point, Times New Roman.

*/s/ Thomas V. McCarron*
Thomas V. McCarron, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of May, 2024, a true and accurate copy of the foregoing Corrected Opening Brief of Appellant Skyline Tower Painting, Inc. was filed and served electronically via the Court's CM/ECF system on all counsel of record for all parties:

| | |
|---|---|
| Andrew K. O'Connell, Esq.<br>Ronald E. Richardson, Esq.<br>Murphy, Falcon & Murphy .<br>One South Street, 30th Floor<br>Baltimore, MD 21202<br>andrew.oconnell@murphfalcon.com<br>ronald.richardson@murphfalcon.com<br><br>*Attorneys for Plaintiffs-Appellees* | Roy D. Prather, III, Esq.<br>Collin S. Gannon, Esq.<br>Beveridge & Diamond, P.C.<br>201 North Charles Street, Suite 2210<br>Baltimore, MD 21201<br>rprather@bdlaw.com<br>cgannon@bdlaw.com<br>pmarks@bdlaw.com<br><br>James B. Slaughter, Esq.<br>Beveridge & Diamond, P.C.<br>1900 N. Street, NW, Suite 100<br>Washington, D.C. 20036<br>jslaughter@bdlaw.com<br><br>*Attorneys for Defendant-Appellant,*<br>*Television Tower, Inc.* |

*/s/ Thomas V. McCarron*
Thomas V. McCarron, Esq.

4858-2860-9220 v.1.docx

18